[Civ. No. 5576. First Appellate District, Division Two.—August 26, 1926.]

## L. H. MITCHEL & SONS (a Copartnership) et al., Respondents, v. JOHN L. BENWELL et al., Appellants.

[1] CONTRACTS — MONEY DUE — PAYMENT — EVIDENCE—FINDINGS.—In this action for money due upon a written contract, while certain of the exhibits indicated that plaintiffs had collected the sum of money sued for, those exhibits taken together with the other exhibits and evidence introduced on behalf of plaintiffs fully sustained plaintiffs' contention that, while they had collected said sum for the account of certain third parties, it was held in a suspense account pending the disputes between the parties; and that evidence and the fact that said third parties levied on and attached said money was sufficient substantial evidence to justify the trial court in finding that plaintiffs had not been paid.

[2] ID.—CONSIDERATION—EVIDENCE.—In view of the provisions of said agreement, showing, among other things, that plaintiffs assumed the indebtedness of said third parties in connection with a certain oil well in which defendants had a royalty interest and agreed to take over the development of said well and bring it into production, paying the entire cost thereof, there was no merit in defendant's contention that there was no consideration for their agreement to pay plaintiffs the sum of money in question.

[3] ID.—ISSUES—PREMATURE ACTION—WAIVER—EVIDENCE — FINDINGS. The finding of the trial court to the effect that the action was not prematurely brought was conclusive on appeal where the

agreement provided that defendants were to pay said sum to plaintiffs monthly, out of defendants' royalty, taking not more than ten points of their thirty-three and one-third points, but neither party ever took any action thereunder, and at the time of trial the matter of monthly deductions was not gone into, but the whole matter was taken up as a lump sum as of a certain date, and one of the plaintiffs testified as to the sum received by defendants, which sum was several times the amount necessary to entitle plaintiffs to payment in full, and defendants introduced no evidence on the issue tendered by their pleadings that the action was prematurely brought.

(1) 41 **C. J.**, p. 70, n. 98.    (2) 40 **C. J.**, p. 1126, n. 87.    (3) 3 **C. J.**, p. 742, n. 3; 4 **C. J.**, p. 876, n. 78; 41 **C. J.**, p. 70, n. 98.

APPEAL from a judgment of the Superior Court of Los Angeles County. F. M. Jamison, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry M. Lee for Appellants.

Meserve & Meserve for Respondents.

STURTEVANT, J.—The trial court caused a judgment to be entered against the defendants for moneys due under a written contract. The appellants made a motion to vacate the judgment and enter a judgment in favor of defendants and the motion was denied. They made a motion for a new trial and the motion was denied. Thereafter they appealed under section 953a of the Code of Civil Procedure. The findings followed the pleadings and fully state the facts. They are as follows:

"I.

"That it is true that plaintiffs, L. H. Mitchel, Hoyt H. Mitchel and Glen H. Mitchel are co-partners doing business under the firm name and style of L. H. Mitchel & Sons.

"II.

"That it is true that the defendants, John L. Benwell and Mary A. Benwell, are now and for all the times mentioned in the within action have been husband and wife.

"III.

"That it is true that on or about the 19th day of November, 1922, defendant John L. Benwell made and entered

into a contract in writing with plaintiffs, in words and figures as follows, to-wit:

" 'San Francisco, Calif.
" 'November 19th, 1922.

" 'L. H. Mitchel & Sons,
    " '803 Stock Exchange Building,
        " 'Los Angeles, Calif.
" 'Gentlemen :—

" 'In consideration of your agreement to assume the indebtedness of Messrs. Casteel & Hitchcock in connection with their operations of Benwell No. 2 and your agreement to take over the development of this oil well and bring it into production, paying the entire cost thereof, I hereby agree to contribute Seventy-five Hundred Dollars ($7500.00) providing your expenditures aggregate a cost of Fifty Thousand Dollars ($50,000.00) or in like ratio in the event the expenditure is a lesser sum. This money to be paid to you through whatever bank is designated as my depository, and dispensing agent.

" 'The amount of Seventy-five Hundred Dollars ($7500.00) is to be paid to you out of the first production, but not more shall be taken each month than is earned by ten points (10) of my thirty-three and one-third points (33⅓) Royalty.

" 'This is in no sense an assignment, but is merely an admission of an obligation to pay you the above sum on the above conditions.

" 'This writing has no relationship to my lease in any sense and when the full Seventy-five Hundred Dollars ($7500.00) shall have been paid, I am free of all indebtedness and obligation to you.

" 'This agreement is to be on the condition that the control of all operations shall not be exclusive but shall be jointly as between yourself and Casteel & Hitchcock and this provision shall apply to all expenditures incidental to the completion of said well and bring the same to production.

" 'The well referred to is known as Benwell No. 2, and is located on Lots six (6) and seven (7) of La Reina Place, a subdivision of a portion of Lot Eighty-five (85) of the American Colony Tract, Los Angeles County, State

of California, as per map recorded in Book 11, Page 104 of Maps, in the office of the Recorder of said County.

"'Very respectfully yours,

"'(Signed) John L. Benwell.'

"IV.

"That it is true that subsequent to the date of said contract plaintiffs entered into an agreement with two certain parties, to-wit: Messrs. W. T. Casteel and H. H. Hitchcock, in connection with and relative to the operations of drilling a certain oil well known and designated as 'Benwell No. 2,' and located on that particular real property described as Lots Six (6) and Seven (7) of La Reina Place, a subdivision of a portion of Lot Eighty-five (85) of the American Colony Tract, Los Angeles County, State of California, as per map recorded in Book 11, Page 104 of Maps, in the office of the Recorder of said County.

"V.

"That it is true that plaintiffs, pursuant to an agreement with said parties, Messrs. W. T. Casteel and H. H. Hitchcock, agreed to assume and take over the development and the drilling of an oil well for the production of oil on said property described, and to bring in to production, if possible, a well on said property, and to pay the entire cost thereof; and that it is true that plaintiffs did take over said operations of said well on said property described, and did pay out and expend from plaintiffs' own funds all of the necessary moneys to develop said oil well on said property, and did, subsequent to the date of said contract herein set forth, to wit: November 19, 1922, complete the drilling of a well on said property, and cause the same to be brought into production of petroleum oil; and it is true that said well on said property is now and has since December, 1922, been producing oil from said property.

"VI.

"That it is true that plaintiffs laid out and expended a sum in excess of $50,000.00 for necessary and proper expenditures for the drilling of said oil well on said property described, and that plaintiffs did, in fact, expend a sum in excess of $75,000.00, to wit: approximately the sum of $76,585.29, for the drilling of said oil well and in

order to place the same on production and to produce oil therefrom.

## "VII.

"That it is true that defendants have received from the oil produced on said property a sum equal to the sales price of 33⅓% of the oil produced therefrom, or a 33⅓% royalty.

## "VIII.

"That it is true that said well had been producing for a period in excess of one month prior to the date of the filing of the complaint in the within action, and that it is true that ten points of defendants 33⅓% royalty of said oil produced from said property at the date of filing the within complaint, exceeded in amount the sum of $7500.00.

## "IX.

"That it is true that plaintiffs have kept and performed all of the terms and conditions of said contract to be by plaintiffs, or either of them, kept and performed.

## "X.

"That it is true that defendant John L. Benwell failed and refused to keep and perform terms and conditions of said contract, to be by said defendant kept and performed, and said defendant breached said contract.

## "XI.

"That it is true that plaintiffs demanded of defendants the payment to plaintiffs of the sum of $7500.00; and that it is true that said $7500.00 has not been paid plaintiffs by defendants, or otherwise.

## "XII.

"That it is not true that plaintiffs had at any time in their possession funds out of which plaintiffs were reimbursed for the money due plaintiffs under said contract; and that it is not true that plaintiffs have, in fact, been paid in full on account of all or any claims or demands arising out of or relating to said contract in anywise whatsoever; and that it is not true that said claim has been paid in full, or in any other manner.

## "XIII.

"That it is not true that there was a lack or want of consideration in the making, execution and delivery of said contract, as set forth in the complaint on file herein, and sued on in the within action, and as set forth in the within

findings; and that it is not true that there was any failure of consideration for the making, execution or delivery of the contract set forth in the complaint sued on in the within action, and as set forth in the within findings.''

On this appeal the appellants present three points. (1) The court erred in holding appellants still liable for the payment of said sum of $7,500 for the reason that respondents had been fully paid by the parties; (2) there is no consideration for appellants' alleged agreement to pay; (3) that said action was prematurely brought if any right did exist in plaintiffs and respondents to maintain said action, in that no proof was offered or received to establish the fact that at the time of bringing the said action defendants and appellants had received out of their royalty of 33⅓% a sum equal to 10 points thereof, which fact had been specially denied.

[1] In support of their first point the appellants earnestly rely on two exhibits, ''B'' and ''E,'' being copies of accounts kept by the respondents, but those two exhibits are to be read in connection with exhibits ''C'' and ''D,'' which are copies of other accounts from respondents' books, and when the four are read together they fully sustain the contention of the respondents that while the respondents had collected the said sum of $7,500 for the account of Hitchcock and Casteel said sum was held in a suspense account pending the disputes between the parties to this action. The respondent L. H. Mitchel testified he had not received the money. Respondents' bookkeeper, A. S. Burdette, fully explained the matter as above stated. Messrs. Hitchcock and Casteel levied on and attached said money in the hands of respondents as the property of Hitchcock and Casteel. The trial court found the fact against the appellants, and there was certainly some substantial evidence to support the finding.

[2] The second point made by the appellants may be answered by a most cursory reading of the contract. It is quite clear that there was a consideration for the promise made by the appellants. (Civ. Code, sec. 1605.) Furthermore, the trial court made its finding on the issue in favor of respondents and against the appellants.

[3] The third and last point made by the appellants is without support. The facts contained in the record are

as follows: The contract contained a clause, "The amount of $7500 is to be paid to you (plaintiffs) out of the first production, but not more shall be taken each month than is earned by ten points of my 33⅓ points royalty." The complaint filed February 7, 1923, alleged, "That said well has been producing for a period in excess of one month prior to the date hereof, and that ten points of defendants 33⅓% royalty of said oil produced from said property, exceeds in amount the sum of $7500." The amended answer denied "that 10 points of defendants' 33⅓% royalty of said production from said property exceeded in amount the sum of $7500 or that at the time of the filing of said complaint defendant had received" in excess of $3,700. The trial court's finding VIII, *supra*, is fully responsive and is against the appellants. The evidence fully sustained the finding as made. Nothing "was taken monthly." The whole matter was taken up before the trial court not as to the amount of a monthly deduction, but as a lump sum as of the date of December 31, 1923. Mr. Mitchel testified the defendant had received $97,226.46. How much per month he received was not gone into. The contingency of deductions in excess of 10 per cent never arose. That clause in the contract was waived as neither party ever took any action thereunder. The appellants tendered the issue, but they introduced no evidence showing that the action was prematurely brought. Moreover, the point was never presented to the trial court in any form except by the allegations of the defendants' answer as quoted above.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 25, 1926.